1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROLAND JEROME THOMAS,              No. 2:13-CV-0353-CMK

12              Plaintiff,

13        vs.                          ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                Defendant.
16
     _____/
17

18          Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 405(g) for

19   judicial review of a final decision of the Commissioner of Social Security.  Pursuant to the

20   written consent of all parties, this case is before the undersigned as the presiding judge for all

21   purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the court is

22   defendant's motion to dismiss (Doc. 14).

23          In social security cases, the United States has waived its sovereign immunity

24   and consents to be sued for review of final decisions of the Commissioner of Social Security.

25   See 42 U.S.C. § 405(g).  The statute allows suits to be filed ". . .within sixty days after the

26   mailing to him of notice of such decision or within such further time as the Commissioner may

1

1  allow. . . ." Id.  Under relevant regulations, the term "mailing" refers to the date of receipt by the

2  individual of the Appeals Council's notice of decision, which is presumed to be five days after

3  the date of the decision, unless there is a reasonable showing to the contrary.  See 20 C.F.R. §§

4  404.981, 616.1481, 404.901, 416.1401, 422.210(c).  The time limit is not jurisdictional but is a

5  statute of limitations subject to equitable tolling.  See Vernon v. Heckler, 811 F.2d 1274, 1276

6  (9th Cir. 1987) (citing Mathews v. Eldridge, 424 U.S. 323, 328 n. 9 (1976)).  Equitable tolling

7  should only be considered in the most rare of cases and only ". . .where the equities in favor of

8  tolling the limitations period are so great that deference to the agency's judgment [as to whether

9  to extend the limitations period] is inappropriate. . . ."  Bowen v. New York, 476 U.S. 467, 480

10  (quoting Mathews, 424 U.S. at 330).

11         In this case, the Appeals Council notified plaintiff of its adverse decision by way

12  of a letter dated October 26, 2012, addressed to plaintiff at 1500 7th St., Apt. 7E, in Sacramento,

13  California.  The letter provided plaintiff additional notice of the 60-day time limit for filing a suit

14  for judicial review, as well as notice of the presumption that plaintiff received notice within five

15  days after the date of the Appeals Council's letter, and that plaintiff could request additional time

16  from the Appeals Council.  Plaintiff requested and was granted an additional 30 days by way of a

17  letter sent on January 14, 2013 (incorrectly dated January 14, 2012), to the same address.  As

18  extended by the Appeals Council, the deadline for filing suit was February 18, 2013 (30 days

19  after January 14, 2013, plus an additional five days).  Plaintiff filed his complaint on February

20  22, 2013 – four days late.

21         In his opposition, plaintiff claims that he did not receive the Appeals Council's

22  January 14, 2013, letter granting him an extension until February 2, 2013.  According to plaintiff,

23  he "began relocating" from Sacramento to Elk Grove in December 2012 and that, by the time the

24  Appeals Council's January 14, 2013, letter arrived at the Sacramento address he was already

25  living in Elk Grove.  Plaintiff attaches as evidence a lease agreement commencing on December

26  10, 2012, for an apartment in Elk Grove, California.  He also provides a copy of a notice to

1  vacate the Sacramento address as of February 28, 2013.  Plaintiff states that he received the

2  Appeals Council's January 14, 2013, letter on February 2, 2013, when he checked the mail at the

3  Sacramento address.

4          According to plaintiff's own evidence, as of the presumptive receipt date of

5  January 19, 2013 (the actual mailing date of January 14, 2013, plus an additional five days),

6  plaintiff had two addresses – one in Sacramento and another in Elk Grove.  The lease agreement

7  indicates that he was in possession of the Elk Grove address as of December 10, 2012, and the

8  notice to vacate indicates that the Sacramento address was valid until February 28, 2013.  What

9  plaintiff does not explain is why he never notified the Appeals Council that he was in the process

10  of moving to Elk Grove, particularly given that his letter requesting an extension of time bore the

11  Sacramento return address.  Nor does plaintiff explain why he did not check his Sacramento

12  address for mail more regularly between January 19, 2013 (the presumptive receipt date), and

13  February 2, 2013 (the alleged actual receipt date), given that he did not intend to vacate that

14  address until the end of February 2013.

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.     Defendant's motion to dismiss (Doc. 14) is granted;

17          2.     Plaintiff's motion for an extension of time (Doc. 22) is denied as

18  unnecessary; and

19          3.     The Clerk of the Court is directed to enter judgment and close this file.

20

21  DATED:  February 12, 2014

22

23                                     **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

24

25

26